**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

LESLIE DALE BETTIE,
　　　　　　　*Defendant-Appellant.*

No. 99-4647

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-98-240)

Submitted: October 10, 2000

Decided: December 19, 2000

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

### COUNSEL

Jennifer T. Harrod, BROOKS, PIERCE McLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Brian Lee Whisler, Appellate Chief Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Leslie Dale Bettie entered a guilty plea to unlawful distribution of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). The court sentenced him to a sixty-month term of imprisonment to be followed by three years of supervised release and ordered him to pay $4100 in restitution. Bettie appeals his sentence, asserting that counsel provided ineffective assistance. We affirm in part, vacate in part, and remand.

For Bettie to succeed on a claim of ineffective assistance of counsel on direct appeal, he must show conclusively from the face of the record that counsel provided ineffective representation. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255), *cert. denied*, 120 S. Ct. 837 (2000). To establish such a claim, Bettie must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that he was prejudiced by counsel's unprofessional errors. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Bettie first contends that counsel failed to object to an error in the calculation of the amount of drugs attributable to him as relevant conduct. Bettie essentially argues that the drugs seized from his home were for personal use and not part of the same course of conduct as the distribution offense to which he pled guilty. The Government agrees that Bettie's base offense level was calculated erroneously using the amounts seized from his home.

Despite the parties' agreement, however, our review of the record leads us to conclude that counsel's ineffectiveness does not conclusively appear from the face of the record. *See Richardson*, 195 F.3d

at 198. Accordingly, we decline to address this claim and Bettie's claim that counsel failed to advocate for him at sentencing as they are more appropriately raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000).

Bettie also asserts that counsel failed to challenge the district court's order of restitution under the Victim and Witness Protection Act ("VWPA") and that the award of restitution is illegal. He contends that (1) counsel should not have stipulated at the sentencing hearing to the award of restitution to reimburse the Government for funds it expended in investigating his case because the Government is not a victim under the VWPA; and (2) counsel should have objected to the district court's failure to make specific findings with regard to Bettie's ability to pay. The Government agrees.

Under the VWPA, the district court may order a defendant to pay restitution to any victim of an offense of conviction. *See* 18 U.S.C.A. § 3663(a)(1)(A) (West 2000); *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996) (observing that authority of district court to order restitution limited to terms of VWPA). An individual is a victim under § 3663 if the act that harms him is either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction. *See Blake*, 81 F.3d at 506; 18 U.S.C.A. § 3663(a)(2) (defining "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered").

Every circuit to address whether the Government is a "victim" when it supplies the money used to apprehend criminals has held that it is not. *See United States v. Cottman*, 142 F.3d 160, 169 (3d Cir. 1998); *United States v. Khawaja*, 118 F.3d 1454, 1460 (11th Cir. 1997); *United States v. Meacham*, 27 F.3d 214, 218-19 (6th Cir. 1994); *United States v. Gibbens*, 25 F.3d 28, 29 (1st Cir. 1994); *United States v. Salcedo-Lopez*, 907 F.2d 97, 98-99 (9th Cir. 1990). In light of these authorities, we find that counsel's stipulation to $4100 in restitution for the express purpose of repaying the Government for funds it expended in the controlled buys on which Bettie's conviction was based falls below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 688, because the Government is not

a victim under the VWPA. Moreover, requiring Bettie to pay restitution that is not authorized prejudices him. We therefore find that counsel's ineffectiveness conclusively appears on the face of the record. *See Richardson*, 195 F.3d at 198.

Accordingly, we vacate the portion of the judgment ordering Bettie to pay $4100 in restitution and remand to the district court for further proceedings consistent with this opinion. We affirm Bettie's sentence in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*